IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JACOB A. ARMES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 12-3169 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending is the Motion of Petitioner Jacob A. Armes Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [d/e 1]. The Government has filed a Response to the Motion [d/e 7]. The Petitioner has filed a Reply [d/e 9] to the Government's Response.

Upon reviewing these filings, the Court concludes that no evidentiary hearing is warranted.

### I. BACKGROUND

On March 3, 2009, a federal grand jury charged Petitioner Jacob A. Armes by indictment with receipt and possession of child pornography. See

Case No. 09-cr-30023-RM-BGC. While the criminal case was pending, the Petitioner, through his counsel, filed four motions to continue the trial. The Government did not object and each motion was granted by the Court. In ruling on the first three motions, the Court found, pursuant to 18 U.S.C. § 3161(h)(7)(A), that "the ends of justice served by granting the continuance outweigh the best interests of the Defendant and the public in a speedy trial." In the fourth motion, the Petitioner requested a continuance so that he could plead guilty to the charges. A change of plea hearing was set at the same time originally scheduled for the final pretrial conference.

On January 4, 2010, the Petitioner entered open pleas of guilty to both counts in the Indictment. On June 21, 2010, United States District Judge Jeanne E. Scott sentenced the Petitioner to 151 months on Count 1 and 120 months on Count 2, to run concurrently. He was also sentenced to concurrent life terms of supervised release. Judgment was entered on June 25, 2010.

On June 29, 2010, the Petitioner filed a notice of appeal. After the

Petitioner's appointed counsel filed an Anders brief requesting that the appeal be dismissed, the Petitioner declined to accept the Court of Appeals' invitation to respond to counsel's motion. United States v. Armes, 415 F. App'x 729, 2011 WL 1188439 (7th Cir. 2011). The Court of Appeals confined its review to the potential issues of counsel's facially adequate brief, granted counsel's motion to withdraw and dismissed the appeal on March 31, 2011.

On June 27, 2012, the Petitioner filed this Motion under 28 U.S.C. § 2255.

## II. DISCUSSION

### A. Legal standard

A petitioner asserting an ineffective assistance of counsel claim is entitled to relief only in "extraordinary situations," such as when there is an "error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013). The Sixth Amendment right to the assistance of counsel includes the right

3

to the effective assistance of counsel. See id. at 879.

In order to prevail on an ineffective assistance claim, a petitioner must show that counsel's performance was objectively unreasonable and that such performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

### B. Alleged speedy trial violation

The Petitioner's sole ground for relief is that counsel was ineffective for failing to challenge an alleged violation of the Speedy Trial Act which, he asserts, rendered the guilty plea unknowing and involuntary.

(1)

In support of his assertion, the Petitioner alleges 306 days passed from the time of his arraignment to the entry of his guilty plea. The Petitioner contends counsel was ineffective for failing to file a motion to dismiss the indictment and for failing to advise the Petitioner about his right to seek a dismissal for violation of the Speedy Trial Act. The

4

Petitioner further asserts that but for counsel's failure to advise him of his statutory rights, he would have moved for dismissal instead of pleading guilty.

The Court concludes that Petitioner's claims have been procedurally defaulted. The Petitioner pled guilty and did not move to withdraw his plea or object to any of the factual findings in the Presentence Report. Moreover, the Petitioner did not challenge the validity of his plea in his direct appeal. The Seventh Circuit's Order states, "Counsel begins by noting that Armes does not want his guilty pleas vacated, and so appropriately refrains from discussing the adequacy of the plea colloquy or the voluntariness of the pleas. See United States v. Knox, 287 F.3d 667, 671 (7th Cir. 2002)."

As noted above, the substance of the Petitioner's "ineffective assistance of counsel" claims is that counsel was ineffective for failing to file a motion to dismiss based on alleged speedy trial violations. The substance of the claims could have been raised on direct appeal and were not. Although ineffective assistance of counsel claims are usually more

5

appropriate on collateral review than direct appeal, United States v. Flores, 739 F.3d 337, 341 (7th Cir. 2014), the Petitioner could have argued on direct appeal that the indictment should be dismissed based on the alleged violation of the Speedy Trial Act. The United States Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review." Bousley v. United States, 523 U.S. 614, 621 (1998). "A claim that has been procedurally defaulted ordinarily may only be raised in a § 2255 proceeding if the defendant demonstrates that he is 'actually innocent,' or that there is 'cause' and actual prejudice." Torzala v. United States, 545 F.3d 517, 522 (7th Cir. 2008).

The Petitioner has not demonstrated that he is actually innocent. The Court concludes, therefore, that because the Petitioner failed to raise his claim on direct appeal and has not established cause for his failure to do so, the claim may not be raised on collateral review. The claim has been procedurally defaulted.

(2)

The Court further concludes that even if the Petitioner's claims were

not procedurally defaulted, the claims lack merit and must be denied.

There was no Speedy Trial Act violation in this case. In granting the initial continuance, the Text Order cites the reason requested by the Petitioner in his motion filed on April 9, 2009. The continuance was authorized so that the Petitioner had sufficient time to review the Government's evidence. See Text Order of April 13, 2009. In granting the second continuance on June 23, 2009, the Text Order cites the reason requested by the Petitioner in his motion that was filed the same day–so that Petitioner could obtain private counsel. See Text Order of June 23, 2009. In granting the third continuance, the Text Order of September 15, 2009 cites the reason requested by the Petitioner in his motion filed the previous day.

Each request was made by the Petitioner. The continuances were allowed for legitimate reasons. In granting the motion, the Court relied on these valid reasons and found that a continuance was in the interest of justice.

Additionally, the delay in the Petitioner's case was not excessive. An

individual cannot request a continuance, implicitly agree that the time be excluded based on the request, and then try to "sandbag the government by insisting that the time be counted against the speedy trial clock." See United States v. Baskin-Bey, 45 F.3d 200, 204 (7th Cir. 1995).

Because it was the Petitioner who requested the continuances, he is in no position to pursue habeas relief based on a Speedy Trial Act violation. See United States v. Larson, 417 F.3d 741, 746 (7th Cir. 2005) ("Palmer is hardly in a position to complain about the delay because he was the one who asked for it."). "[T]he purpose of the Speedy Trial Act is to protect the defendant from excessive pre-trial delay and incarceration by the government and to protect the public's interest in the speedy resolution of justice." Id.

It is also worth noting that the Petitioner remained on bond throughout the proceedings and was not taken in to custody until the imposition of sentence. Therefore, the Petitioner was not prejudiced by the delay requested on his behalf.

Accordingly, there was no Speedy Trial Act violation. Additionally,

the Petitioner's counsel would have been judicially estopped from arguing that there was a violation. "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." Zedner v. United States, 547 U.S. 489, 504 (2006). The Court concludes that Petitioner's counsel would have been precluded by judicial estoppel from taking the position he now advocates.

Accordingly, the Court concludes that even if the Petitioner's claim was not procedurally defaulted, it fails on the merits because the Petitioner has not established that the objectively unreasonable conduct of counsel served to prejudice him.

## III. CONCLUSION

Based on the foregoing, the Petitioner's ineffective assistance of counsel claim was procedurally defaulted because the substantive issue was not argued on direct appeal. In the alternative, the claim fails because the

Petitioner has not established that counsel's conduct was objectively unreasonable or that he suffered prejudice. Accordingly, the Petitioner's Motion under § 2255 will be Denied.

An appeal may be taken if the Court issues a certificate of appealability. See 28 U.S.C. § 2253(c)(1)(A). Because the Petitioner has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings.

<u>Ergo</u>, the Motion of Petitioner Jacob A. Armes to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 [d/e 1] is DENIED.

The Court declines to issue a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings.

ENTER: January 29, 2015

    FOR THE COURT:

<u>s/Richard Mills</u>
Richard Mills
United States District Judge